UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SON THANH DAO, et al., | Case No. 2:18-CV-1220 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA, et al., | |
| Defendant(s). | |

Presently before the court is defendant State Farm Automobile Insurance Company's ("State Farm") motion to dismiss. (ECF No. 8). Plaintiff Cuong David Dao ("Cuong") filed a response (ECF No. 20), to which State Farm replied (ECF No. 23).

Also before the court is defendant Nationwide Affinity Insurance Company of America's ("Nationwide") motion to dismiss. (ECF No. 9). Plaintiffs Cuong and Son Thanh Dao ("Son") (collectively "the Daos") filed a response (ECF No. 21), to which Nationwide replied (ECF No. 28).

Also before the court is a stipulation to extend the deadline to respond to State Farm's motion to dismiss. (ECF No. 12).

Also before the court is a stipulation to extend the deadline to respond to Nationwide's motion to dismiss. (ECF No. 13).

**I.  Facts**

This action arises from the Daos' automobile insurance claims against their insurers, State Farm and Nationwide. (ECF No. 4-2). The Daos allege the following facts:

On April 16, 2014, Son was driving on the Buffalo onramp to the Interstate 215 highway. *Id*. Cuong was a passenger in the vehicle. *Id*. Non-party Jose David Arevalo-Mardiz was traveling behind the Daos and eventually crashed into the rear of the Daos' vehicle. *Id*.

As a result of the April 16, 2014, incident, Son incurred in excess of $71,000 in medical expenses and Cuong incurred in excess of $61,000 in medical expenses. *Id*. The Daos asserted claims against Arevalo-Madriz, which Arevalo Madriz settled for a total of $200,000—Son and Cuong each received $100,000. *Id*.

At the time of the collision, Son and Cuong both had automobile insurance policies. *Id*. Son had a policy with Nationwide ("Nationwide policy"), which included uninsured/underinsured motorist coverage. *Id*. The Nationwide policy provided a $50,000 per person/$100,000 per accident policy limit. *Id*. Cuong had a policy with State Farm ("State Farm policy"), which also included uninsured/underinsured motorist coverage. *Id*. The State Farm policy provided a $15,000 per person/$30,000 per accident policy limit. *Id*.

The Daos demanded from their insurers payments pursuant to the policies. *Id*. Both Nationwide and State Farm refused to tender any insurance benefits to the Daos. *Id*.

On April 16, 2018, the Daos initiated this lawsuit in Nevada state court. *Id*. In their state court complaint, the Daos allege four causes of action: (1) breach of contract against all defendants; (2) contractual breach of the implied covenant of good faith and fair dealing against all defendants; (3) tortious breach of the implied covenant of good faith and fair dealing against all defendants; (4) violation of the Nevada Unfair Claims Practices Act, NRS 686A.310, against all defendants. *Id.*

On July 3, 2018, Nationwide and State Farm removed this action to federal court. (ECF No. 4). The court now addresses whether it has subject matter jurisdiction.

**II.    Legal Standard**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Federal Rule of Civil Procedure 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Although the defendant is the moving party in a 12(b)(1) motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court to survive the motion. *McCauley v. Ford Motor Co.,* 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). More specifically, the plaintiff's pleadings must show "the existence of whatever is essential to federal jurisdiction, and, if [plaintiff] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

### III. Discussion

28 U.S.C. § 1332 allows federal courts to exercise diversity jurisdiction in civil actions between citizens of different states where the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). "In determining the amount in controversy, courts first look to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Ibarra v. Manheim Invests., Inc.* 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). At the time of removal, parties may submit supplemental evidence to show that the amount in controversy is in excess of $75,000.00. *Id.* (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

The Daos allege that they jointly incurred $132,000 in medical expenses as a result of the collision on April 16, 2014. (ECF No. 4-2). However, the Daos also allege that Arevalo-Madriz paid them $200,000 as compensation. *Id.* Without more, these allegations do not plead an amount in controversy in excess of $75,000. Moreover, State Farm and Nationwide's petition for removal does not include any additional evidence regarding the extent of the Daos' alleged

damages. *See* (ECF No. 4). Accordingly, the court will remand this case to state court for lack of subject matter jurisdiction.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that State Farm's motion to dismiss (ECF No. 8) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that Nationwide's motion to dismiss (ECF No. 9) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that the stipulation to extend the deadline to respond to State Farm's motion to dismiss (ECF No. 12) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that the stipulation to extend the deadline to respond to Nationwide's motion to dismiss (ECF No. 13) be, and the same hereby is DENIED without prejudice.

IT IS FURTHER ORDERED that the matter of *Dao et al. v. State Farm Mutual Automobile Insurance Company et al.*, case number 2:18-cv-01220-JCM-GWF, be, and the same hereby is, REMANDED.

The clerk shall close the case accordingly.

DATED January 8, 2019.

                                                                       /s/ James C. Mahan  
                                                        UNITED STATES DISTRICT JUDGE